UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>          Plaintiff,<br><br>    v.<br><br>JAY SCOTT SODERLING,<br><br>          Defendant. | Case No. 11-cr-00530-VC-1<br><br>**ORDER RE MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 115, 116, 122 |

<u>Government's Motions in Limine Nos. 1 and 2</u>:  The parties agree that the government may introduce statements by the defendants made in connection with the investigation of this case as party admissions, Fed. R. Evid. 801(d)(2)(A), and that the parties may introduce additional statements by the defendants or the government agents that would be necessary to put an originally-offered statement in proper context.  Because the government has not, at this time, identified any specific statements by the defendants that it wishes to offer, the court is unable to offer further guidance with respect to this issue.  The government has been ordered to disclose to the defendants, and file with the court, any oral statements by the defendants that it wishes to introduce at trial by November 16, 2015.

<u>Government's Motion in Limine No. 3</u>:  This motion, to preclude the defendants from referencing punishment in front of the jury, is unopposed and is therefore granted.

<u>Government's Motion in Limine No. 4</u>:  This motion, to permit the government to impeach Jay Soderling with his two prior felony convictions, is denied.  However, if Soderling testifies, and his defense misrepresents his background, character, criminal history or level of sophistication in financial matters, the court will reconsider this ruling.  *See, e.g.*, *United States v. Cook*, 608 F.2d. 1175, 1187 (9th Cir. 1979), *cert. denied,* 444 U.S. 1034 (1980), *overruled on other grounds in Luce v. United States*, 469 U.S. 38 (1984); *cf. United States v. Bagley*, 772 F.2d 482, 488 (9th Cir.

1985).

<u>Government's Motion in Limine No. 5</u>:  This motion, to preclude the defense from making reference to information that will not be placed in evidence, is unopposed and is therefore granted.

<u>Government's Motion in Limine No. 6</u>:  This motion, to exclude evidence of or references to affirmative defenses that have not been disclosed, is unopposed and is therefore granted.

<u>Government's Motion in Limine No. 7</u>:  This motion, to permit the government to use summaries of tax documents and financial transactions, is granted.

<u>Government's Motion in Limine No. 8</u>:  The parties agree about the law regarding the adverse spousal testimony privilege and the confidential marital communications privilege.  The government has not, at this time, identified any specific statements it may wish to introduce over a potential objection based on these privileges, so the court can provide no further guidance at this time.

<u>Government's Motion in Limine No. 9</u>:  By this motion, the government seeks to admit evidence of a variety of conduct by the Soderlings, over potential objections based on Rule 404(b). This evidence falls into three categories: (i) evidence of the summons and enforcement action against Jay Soderling; (ii) evidence of the tax payment history of Jay Soderling and his companies; and (iii) evidence of the Soderlings' use of nominees.

Evidence in the first category is intrinsic to the crimes charged, which means that the evidence is admissible over an objection based on Rule 404(b).

Evidence in the second category is also intrinsic to the crimes charged, with the exception of any tax payments or tax documents that pertain to the years following the time periods on which Counts One and Two are based.  Evidence of tax payments or tax documents that pertain to the years following those time periods could potentially be admissible under Rule 404(b), but the government has yet to explain to the court what is in those documents or why they would be admissible, so the court can provide no further guidance on that question.

With respect to the third category, the evidence described in the first four bullets of the government's brief, Mots. in Lim. 23:23–24:2, is intrinsic and therefore admissible over an objection based on Rule 404(b).  The evidence described in the next nine bullets, *id.* at 24:3–

1  25:11, is not intrinsic and therefore is potentially inadmissible. However, to the extent that
2  Soderling's defense is based on a lack of intent or a lack of sophistication about financial matters,
3  the evidence described in those nine bullets will be admissible under Rule 404(b), although the
4  court will likely limit, under Rule 403, the amount of such evidence the government may present,
5  to avoid minitrials on collateral matters. The government should therefore give consideration to
6  which "nominee" examples it would use in the event they become admissible over a Rule 404(b)
7  objection, and which examples would best avoid the unnecessary consumption of time.[1]

Defendants' Motion to Exclude Expert Testimony: This motion is denied. Agent Weitzel may testify about and summarize financial transactions and tax documents, and may testify about their tax consequences. Agent Weitzel may not offer an opinion about the defendants' intent or about the ultimate issue of guilt.

**IT IS SO ORDERED.**

Dated: November 9, 2015

VINCE CHHABRIA
United States District Judge

---

[1] At the pretrial conference, the government alluded to potential testimony from a witness who was not included on the government's witness list (Dkt. No. 130). The parties may file supplemental witness lists no later than November 16, 2015.

3