UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAY SCOTT SODERLING,<br><br>　　　　　Defendant. | Case No.  11-cr-00530-VC-1<br><br>**ORDER RE GOVERNMENT'S REQUEST TO AUTHORIZE THE JURY TO REACH INCONSISTENT VERDICTS** |

　　　　The government charged Jay and Jessica Soderling, husband and wife, with a conspiracy to defraud the United States by preventing the Internal Revenue Service from collecting taxes. At trial, the government contended only that Jay and Jessica conspired with one another; it did not contend that there were unindicted co-conspirators.  Shortly after the jury began deliberating, it asked a good question: "Can we find one defendant guilty of conspiracy and not the other?" The government urged the Court to answer "yes."  The defendants urged the Court to answer "no."  Although the jury has now reached a verdict, the Court files this order to give lawyers and trial judges food for thought in the event this instructional issue comes up again.

　　　　By urging a "yes" answer, the government was asking the Court to tell the jury it could reach inconsistent verdicts.  As set forth in the Ninth Circuit Model Criminal Jury Instruction on conspiracy to defraud the United States, a jury may only convict a defendant if the government proves three elements, the first of which is that there was an agreement between two or more people.  In this case, the government contended that Jay and Jessica reached the agreement to defraud the United States; the government did not contend that anyone else was party to the agreement.  Therefore, the only way the jury could have convicted Jay was to conclude he

reached an agreement with Jessica. And the only way the jury could have convicted Jessica was to conclude she reached an agreement with Jay. A verdict acquitting one defendant would necessarily have been inconsistent with a verdict convicting the other defendant.

In support of its request for an instruction authorizing the jury to reach inconsistent verdicts, the government cited *United States v. Powell*, 469 U.S. 57 (1984). In *Powell*, the jury convicted the defendant of several compound felonies, while acquitting her of the predicate felonies.[1] Ms. Powell argued that because these verdicts were necessarily inconsistent, her convictions had to be reversed. The Supreme Court rejected that argument, holding that the inconsistency among the verdicts was not a reason to overturn the convictions. As the Court explained, inconsistent verdicts can be the result of jury nullification — a decision by the jury to show mercy with respect to a particular charge by acquitting the defendant notwithstanding her guilt (and notwithstanding the trial court's instructions). There was no reason, in the Supreme Court's view, to give the defendant an additional benefit from that possible exercise of mercy by reversing her convictions for the other counts charged. *Powell*, 469 U.S. at 68–69. So long as there was enough evidence to support the charges the jury convicted the defendant of, it did not matter that the jury acquitted her on the other charges. *Id.* at 67–68. Since *Powell*, several Ninth Circuit decisions have applied this rationale to cases where a jury acquits all but one alleged conspirator. *See, e.g.*, *United States v. Ching Tang Lo*, 447 F.3d 1212, 1226 (9th Cir. 2006); *United States v. Hughes Aircraft Co.*, 20 F.3d 974, 977–78 (9th Cir. 1994); *United States v. Valles-Valencia*, 823 F.2d 381, 381–82 (9th Cir. 1987) *modifying* 811 F.2d 1232 (9th Cir. 1987) ("As the Supreme Court noted in *United States v. Powell*, however, inconsistent verdicts can just as easily be the result of jury lenity as a determination of the facts. Thus, the acquittal of all conspirators but one does not necessarily indicate that the jury found no agreement to act."

---

[1] Specifically, the *Powell* jury convicted the defendant of using the telephone to facilitate conspiracy to possess with the intent to distribute cocaine, and using the telephone to facilitate possession with the intent to distribute cocaine. But the jury acquitted the same defendant of conspiracy to possess with intent to distribute cocaine, and of possession with intent to distribute cocaine. *Powell*, 469 U.S. at 59–60.

(citations omitted)) .

It's one thing to say a conviction won't be overturned on appeal merely because it is inconsistent with a co-defendant's acquittal.  It's quite another thing to instruct a jury, during trial or during deliberations, that it is authorized to reach inconsistent verdicts in the first place.  Inconsistent verdicts are something we tolerate, but that doesn't change the fact that they are legally erroneous.  And trial courts are supposed to instruct juries to follow the law; they are not supposed to give juries the green light to disregard the law and reach legally erroneous verdicts.  *United States v. Christensen*, 801 F.3d 970, 1011–12 (9th Cir. 2015) (noting, in the course of affirming a court's dismissal of a juror for cause during deliberations, that "trial courts have the duty to forestall or prevent" jury nullification, *id.* at 1011 (quoting *Merced v. McGrath*, 426 F.3d 1079, 1080 (9th Cir. 2005)); *accord United States v. Sepulveda*, 15 F.3d 1161, 1189–90 (1st Cir. 1993) (approving trial court's statement to the jury, in response to a question about nullification, that it should follow the instructions the court had previously given and should convict if it finds the elements beyond a reasonable doubt).  Indeed, the very first of the Ninth Circuit Model Criminal Jury Instructions states: "To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not."

And in this case, the law is that a conspiracy cannot exist unless it involves an agreement between two or more people.  It would have been error for the jury to convict one defendant while acquitting the only potential co-conspirator.  Therefore, it would have been error for the Court to authorize the jury, through the Court's response to the jury's question, to convict one defendant of conspiracy despite concluding that the government had not proven the only other possible co-conspirator's participation beyond a reasonable doubt.[2]

And an error like this could, depending on the facts of the case, have grave consequences.

---

[2] Ninth Circuit Model Criminal Jury Instruction 1.13, the generic instruction for cases involving multiple defendants, provides in part: "The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant."  This is no doubt true in most multi-defendant cases, but it is somewhat misleading in a case where there are only two alleged co-conspirators and no evidence of unindicted co-conspirators.

3

Suppose, in a case where two defendants are charged with conspiracy and there are no other co-conspirators, the jury believes there is not enough evidence to conclude beyond a reasonable doubt that the defendants formed an agreement. This means both defendants are "not guilty" as a legal matter. But suppose the jury really wants to convict one of the defendants anyway. If a trial court suggests to a jury that it can do so, and the jury then does so, that would be a miscarriage of justice. Appellate courts might tolerate this possibility when reviewing inconsistent verdicts because they don't know (and won't inquire into) what the jury was thinking. But that doesn't mean trial courts can (or should) sanction the possibility when instructing the jury in the first place.

Perhaps if the Court had given the government's proposed instruction and the jury had followed it, the error invited by the government would have gone uncorrected on appeal, in light of *Powell*. More likely, however, *Powell* would not have applied in this situation, because *Powell* was not a case in which the trial court invited the jury to err. *Cf. Kleve v. Hill*, 202 F.3d 1155, 1158 (9th Cir. 2000) (Kozinski, J., dissenting from denial of rehearing en banc) ("*Powell* holds that *where the jury is properly instructed* and nevertheless returns inconsistent verdicts, we will not question the validity of the guilty verdicts on some counts just because they are logically inconsistent with not guilty verdicts on other counts . . . . For *Powell* to apply, the jury must have been given a correct, consistent set of instructions.").

In light of the foregoing, the Court declined the government's request to answer "yes" to the question whether the jury could "find one defendant guilty of conspiracy and not the other." Instead, the Court instructed the jury as follows:

> For a conspiracy to exist, two or more people must be members of the conspiracy. I refer you to Instruction 18, which discusses the three elements of conspiracy. The first element explains that to convict a defendant of Count 1, you must conclude beyond a reasonable doubt that the defendant formed an agreement with at least one other person to defraud the United States. If you find this element beyond a reasonable doubt, you should turn to the next two elements.
>
> In this case, the government has only contended that Mr. and Mrs. Soderling formed an agreement to defraud the United States. It has

> not contended that any other person agreed with one of the defendants to defraud the United States.

Perhaps the government was worried that if the Court did not authorize the jury to reach inconsistent verdicts, both defendants would be acquitted of the conspiracy charge. As it turns out, the jury convicted both defendants. But had the Court accepted the government's invitation to instruct the jury that it could reach inconsistent verdicts, the government might not have gotten either of its convictions. The result may well have been one acquittal through jury nullification and one reversal on appeal.

**IT IS SO ORDERED.**

Dated: March 18, 2016

_____
VINCE CHHABRIA
United States District Judge